UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK PELLEGRINO,<br><br>       Plaintiff,<br><br>  -against-<br><br>COUNTY OF ERIE, et al.,<br><br>       Defendants. | 22-MC-249 (CS)<br><br>TRANSFER ORDER |

CATHY SEIBEL, United States District Judge:

  Plaintiff Mark Pellegrino, who is appearing *pro se*, initiated this matter as a miscellaneous civil action on the court's electronic case filing (ECF) system. He paid the miscellaneous filing fee of $49.00 and submitted a miscellaneous case cover sheet indicating that he is seeking to register a judgment from another district against the County of Erie, police officers, and other defendants who are all located in Erie County, New York. Although not an attorney, Plaintiff also submitted a motion for admission *pro hac vice*, indicating that he is from a foreign jurisdiction known as the "New York Republic." (ECF 2, at 1.) For the reasons stated below, the Court: (1) construes this miscellaneous matter as a civil rights action; (2) directs the Clerk of Court to open it as a new civil case and assign the new matter to my docket; (3) directs that the new civil action be transferred to the United States District Court for the Western District of New York; and (4) denies Plaintiff's motion for admission *pro hac vice*.

### DISCUSSION

**A. Filing of a miscellaneous action**

  1. Case improperly filed

  Under this court's rules, a *pro se* party cannot initiate the opening of a miscellaneous civil action on the court's ECF system electronically. *See In re: Miscellaneous Civil Case Opening*,

ECF 1: 17-MC-201, 2, Amended Standing Order M10-468 (Jan. 14, 2021). The court's ECF system only allows attorneys admitted to the bar of the court or those seeking admission *pro hac vice* to file miscellaneous civil actions electronically. A new miscellaneous civil action commenced by a *pro se* party must be filed in the traditional manner, on paper. *See id*.

Because it is clear from Plaintiff's submissions that he is not a licensed attorney admitted to the bar of any court, his motion for admission *pro hac vice* must be denied. Further, the Court finds that this matter was improperly filed on the court's ECF system. However, as Plaintiff is proceeding *pro se*, the Court liberally construes this matter as detailed below. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted).

2. Not a miscellaneous case

Plaintiff brings this action purportedly seeking to register a judgment from another district court against the County of Erie, policer officers, and other defendants. He does not submit a judgment from another court or provide anything indicating that he actually has a judgment against the Erie County defendants that could be registered in this court. Rather, Plaintiff simply alleges that the defendants have deprived him of his rights. Because it appears that Plaintiff is not actually seeking to register a judgment from a foreign jurisdiction but instead is seeking to bring a new civil rights action against the defendants, this case cannot proceed under the miscellaneous docket. Therefore, the Court construes this matter as a civil rights action and directs the Clerk of Court to open this case as a new civil action.

**B.      Transfer of the action**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Here, Plaintiff asserts that the alleged events giving rise to his claims occurred in Erie County, New York, where all of the defendants are located. Because the defendants appear to reside in Erie County, New York, where the alleged events occurred, from the face of Plaintiff's submission, it is clear that venue for this action is not proper in this court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Erie County, New York, which is in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers the new civil action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Court construes this miscellaneous matter as a civil rights action and directs the Clerk of Court to open a new civil case and file copies of Plaintiff's submissions (ECF Nos. 1-7) and this order in that action. The Clerk of Court is further directed to assign the new matter to my docket and then transfer it to the United States District Court for the Western District of New York. Plaintiff's motion for admission *pro hac vice* (ECF 2) is denied. Whether Plaintiff should be permitted to proceed further without the submission of a complaint or prepayment of fees are determinations to be made by the transferee court.[1] A summons shall not issue from this court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 6, 2022
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

---

[1] Plaintiff paid the miscellaneous filing fee of $49.00. Whether Plaintiff should be required to pay the full $402.00 in filing fees for a civil case is a matter left to the transferee court.